JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

cc: order, docket, remand letter
to Ventura County Superior Court, No.56-02012-410608-CL-UD-VTA

| | |
|---|---|
| **CASE NO.:** CV 12-01326 SJO (FFMx) | **DATE:** April 11, 2012 |
| **TITLE:** David Gregory v. Melinda Griswold, et al. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                       Not Present
Courtroom Clerk                                        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                            Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO VENTURA COUNTY SUPERIOR COURT** [Docket No. 1]

This matter comes before the Court on Defendant Elizabeth Martinelli's ("Martinelli") Notice of Removal filed on February 15, 2012. For the following reasons, the Court **REMANDS** this action to Ventura County Superior Court.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff David Gregory who is trustee of the Gregory Family Trust ("Plaintiff") alleges that it is the owner of real property located at 451 Appian Way in Ventura, California (the "Property").[1] (Notice of Removal ("Notice") Ex. C ("Compl.") ¶ 2, Feb. 15, 2012, ECF No. 1.) Martinelli is a resident of the Property, and Melinda Griswold and Paul M. Griswold (collectively, the "Griswolds") were the former owners of the Property. (Compl. ¶¶ 2, 17; Notice Ex. A ("Prejudgment Claim").)

Plaintiff's Complaint alleges the following facts against Melinda and Paul Griswold. Plaintiff acquired the Property on November 30, 2011, at a foreclosure sale. (Compl. ¶ 5.) On January 6, 2012, Plaintiff served the Griswolds with a written notice that required them to vacate the Property within three days ("Three Day Notice to Quit") and deliver possession to Plaintiff. (Compl. ¶¶ 7, 9.) The Three Day Notice to Quit was posted on the Property and mailed to the Griswolds. (Compl. ¶ 8.) Pursuant to the Three Day Notice to Quit, Plaintiff was to take possession of the Property on January 10, 2012, but on that day, the Griswolds failed to relinquish possession the Property. (Compl. ¶¶ 10-11.)

---

[1] Martinelli's Notice of Removal does not contain exhibit tabs to separate all the different attached exhibits. For clarity, the Court marks the attached exhibits accordingly: (1) Exhibit A - Prejudgment Claim of Right of Possession; (2) Exhibit B - Summons for Plaintiff's Unlawful Detainer Action; and (3) Exhibit C - Complaint.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 12-01326 SJO (FFMx)</u>          DATE:  <u>April 11, 2012</u>

On January 10, 2012, Plaintiff filed a Complaint for unlawful detainer against the Griswolds in Ventura County Superior Court. (*See generally* Compl.) Plaintiff seeks: (1) immediate possession of the Property; (2) declaration of forfeiture of any existing rental agreement; (3) damages at a rate of $86.67 per day commencing from January 10, 2012; and (4) costs of suit. (Compl., Prayer for Relief.) On January 23, 2012, Martinelli filed a Prejudgment Claim of Right to Possession, thereby adding herself as a defendant to the action. (Prejudgment Claim.)

On February 15, 2012, Martinelli, representing herself *pro se,* removed the action to federal court pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction.[2] (Notice ¶ 5.)

II.     DISCUSSION

    A.     *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). As such, the Court finds it appropriate to determine whether subject matter jurisdiction exists.

    B.     Legal Standard for Removal

Under this Court's removal jurisdiction, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This "strong presumption" against removal to federal district court means "that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

///

///

---

[2] In her Notice, Martinelli claims that "Defendants Melinda Griswold and Paul M. Griswold were the former owners of the premises, and have defaulted in this litigation, such that they are no longer [] participants in this litigation." (Notice ¶ 2.) Although the Court has not received any document showing dismissal of the state court action against the Griswolds, the veracity of Martinelli's claim is immaterial because the Court lacks subject matter jurisdiction over this action regardless of the procedural status of the Griswolds.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

CASE NO.:  <u>CV 12-01326 SJO (FFMx)</u>          DATE:  <u>April 11, 2012</u>

     C.     <u>Federal Question Jurisdiction</u>

Martinelli asserts that this Court has subject matter jurisdiction over this action based on federal question jurisdiction. (Notice ¶ 5.) Martinelli argues that the Protecting Tenants at Foreclosure Act ("PTFA") preempts California law as to foreclosure (Notice ¶ 6), and because of the preemption, Plaintiff is required to plead a federal cause of action against Defendants pursuant to the PTFA. (Notice ¶¶ 6-7.) On the premise that the PTFA preempts California law, Martinelli contends that Plaintiff's Three Day Notice to Quit failed to comply with the PTFA. (Notice ¶ 7.)

Under 28 U.S.C. § 1331, federal courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983); *see Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, to a state-law claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Botsford v. Blue Cross & Blue Shield of Mont., Inc.,* 314 F.3d 390, 393 (9th Cir. 2002). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" and a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

Here, Plaintiff's claim does not present a federal question or turn on the construction of federal law. Plaintiff's unlawful detainer claim is based strictly on California law. (*See generally* Compl.) Martinelli's arguments that the PTFA preempts California law and that the Three Day Notice to Quit must comply with PTFA is best characterized as a federal defense or potential counterclaim, neither of which is considered when determining federal question jurisdiction.[3] *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

---

[3]  Federal district courts have held that an assertion that the PTFA **preempts** state law cannot serve as a basis for removal jurisdiction. *Aurora Loan Servs., LLC v. Montoya*, No. 11-CIV-2485, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *see SD Coastline LP v. Buck*, No. 10-CIV-2108, 2010 WL 4809661, at *1-3 (S.D. Cal. Nov. 19, 2010); *Wescom Credit Union v. Dudley*, No. 10–CIV-8203, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010); *Aurora Loan Servs., LLC v. Martinez*, No. 10–CIV-1260, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010); *MTI Capital Inc. v. Jock Edward Mckaba*, No. 11-CIV-06725, slip op. at 4 (C.D. Sept. 13, 2011).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 12-01326 SJO (FFMx)</u>　　　**DATE:** <u>April 11, 2012</u>

Martinelli also argues that she is not presenting Plaintiff's alleged violation of the PTFA as a defense; she avers that because she is protected under the PTFA, Plaintiff may only evict her by pleading causes of action pursuant to the PTFA. (Compl. ¶ 8, 13.) Martinelli states that "Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA." (Compl. ¶ 13.) However, Martinelli's argument ignores the fact that Plaintiff can assert whichever causes of action he chooses. Martinelli's assertion that Plaintiff is required to state a PTFA cause of action is contrary to the well-pleaded complaint rule.

Because Plaintiff's Complaint does not contain a federal question arising under the Constitution, laws, or treaties of the United States, this Court lacks subject matter jurisdiction over this action.

III.　　<u>RULING</u>

For the foregoing reasons, the Court **REMANDS** the instant action to Venutra County Superior Court.

IT IS SO ORDERED.